UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAMON CINTRON,

    Petitioner,

v.                                             Case No. 8:12-CV-113-T-30MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## O R D E R

This matter is before the Court upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("petition") (Dkt. 1). The Petitioner is a state prisoner who challenges his 2011 convictions for trafficking in heroin, conspiracy to trafficking in heroin, and possession of cocaine entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. Petitioner contends in his petition that his convictions are unconstitutional under *Shelton v. Sec'y, Dep't of Corr.*, 2011 U.S. Dist. LEXIS 86898; 23 Fla. L. Weekly Fed. D 11 (M.D. Fla. July 27, 2011), which declared unconstitutional a 2002 amendment to Florida Statute, § 893.13 that eliminated the *mens rea* requirement for possession or distribution of cocaine.

## DISCUSSION

Petitioner challenges the validity of his convictions and sentences. "[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." *Antonelli v. Warden. U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir.

2008). However, a writ of habeas corpus may issue to a prisoner pursuant to section 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). 28 U.S.C. § 2254 "applies to a subset of those to whom" section 2241(c)(3) applies. *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004). § 2254 applies to "'a person in custody *pursuant to the judgment of a State court* who is in custody in violation of the Constitution or law or treaties of the United States." *Id*. (quoting section 2254(a)) (emphasis in original). "[A] habeas petition filed by a state prisoner in custody pursuant to the judgment of a state court is subject both to § 2241 and to § 2254, with its attendant restrictions." *Id*., at 785 (citing *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003)). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Id*., at 787. Accordingly, because Petitioner is in custody pursuant to the judgment of a state court, this Court must apply the procedural restrictions contained in § 2254 to Petitioner's petition.

It is apparent from the petition and the Florida Second District Court of Appeal's records, that Petitioner's appeal of the judgment of conviction remains pending on direct review. *See Cintron v. State*, No. 10-CF-5664 (Fla. 13th Jud. Cir. 2010), *notice of appeal docketed*, No. 2D11-4617 (Fla. 2d DCA September 20, 2011).[1] Consequently, the state court judgment has not become final. Therefore, his habeas petition, which challenges the judgment of conviction, is not ripe for review at this time. *See Maharaj v. Sec'y Dep't of Corr.*, 304 F.3d 1345 (11th Cir. 2002)(federal habeas petition was not ripe for review when

---

[1]The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Florida Second District Court of Appeal, http://www.2dca.org/the_clerk's_office.htm, . *See* Fed. R. Evid. 201.

state judgment was not yet final). Thus, Petitioner's petition will be dismissed without prejudice to Petitioner to refile his habeas petition when the state court judgment becomes final.[2]

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DISMISSED** without prejudice (Dkt. 1).

2. The **Clerk** shall terminate all pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on January 23, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished:
Petitioner *pro se*

---

[2] To the extent Petitioner is requesting this Court interfere in the pending state criminal proceedings, dismissal of the Petition is warranted under the *Younger* doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971)(holding that federal courts should abstain from interfering with pending state proceedings when the pending state proceedings are judicial in nature, the proceedings involve important state interests, and the proceedings offer adequate opportunity to raise any constitutional issues).